IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

FRANCIS J. RULE, JR., )
                     Plaintiff, )
                     v. ) No. 10-5063-SSA-CV-SW-MJW
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
                     Defendant. )

## ORDER

Plaintiff Francis J. Rule, Jr., seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g) of a final administrative decision denying Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq. The parties' briefs are fully submitted, and an oral argument was held on September 23, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

### Discussion

Plaintiff Francis J. Rule, Jr., (hereinafter "Rule") is a 43-year-old male born on January 30, 1967. Rule has a high school education. Prior to allegedly becoming disabled, Rule performed work as an automobile service station attendant, molding machine tender, stock clerk, cashier and construction worker. On December 13, 2007, Rule filed an application for Social Security disability and SSI. Rule's applications for disability and SSI benefits allege he became disabled on November 5, 2005, but at the hearing before the Administrative Law Judge (ALJ), Rule amended his onset date to November 21, 2007. Rule's applications claim disability due to: recurring abdominal pain secondary to diverticulitis; abdominal hernia with history of repair; obesity; chronic obstructive pulmonary disease (COPD); chronic low back and neck pain secondary to degenerative disc disease of lumbar and cervical spine; chronic knee and shoulder pain secondary to degenerative joint disease; sleep apnea and chronic pain; depression; anxiety; personality disorder with borderline, paranoid, and antisocial traits; fatigue secondary to pain, sleep disturbance, depression and side effects of required medications.

The ALJ found that Rule meets the insured requirements of the Social Security Act through December 31, 2010, and had not engaged in substantial gainful activity since November 21, 2007, Rule's alleged onset date. The ALJ found Rule to have the following severe impairments: diverticulosis; abdominal hernia, status post repair; obesity; chronic obstructive pulmonary disease; degenerative disc disease, lumbar and cervical spine; degenerative joint disease of the knee and shoulder; obstructive sleep apnea; depression; anxiety; personality disorder with borderline paranoid and antisocial traits; and polysubstance abuse and dependence. The ALJ went on to find that none of these severe impairments meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that Rule had the residual functional capacity (RFC) to lift and carry ten pounds occasionally and less than ten pounds frequently; sit, with normal breaks, six hours of an eight-hour work day; stand/walk, with normal breaks, two hours of an eight-hour work day; ocassionally bend, stoop, crouch, squat, kneel, crawl and climb ramps and stairs, but he cannot climb ladders; is unable to perform work involving exposure to hazards such as unprotected heights; is unable to perform work involving exposure to extremes of temperature; is unable to perform work involving exposure to extreme levels of humidity, dust, fumes or vibration, or to extremely poor ventilation; is limited to work involving only occasional personal interaction with coworkers and no personal interaction with the public; is able to maintain the level of attention required for routine, repetitive tasks, but cannot sustain a high level of concentration or to sustain precision or attention to detail; and is unable to perform work involving fast-paced activity involving explicit production quotas, deadlines or schedules or involving the changing work settings.

The ALJ found that evidence showed the while Rule's medical determinable impairments could reasonably be expected to cause symptoms, his statements concerning the intensity, persistence and limiting effects of his symptoms are not credible to the extent they are inconsistent with the RFC. The ALJ specifically detailed the reasons for discounting the credibility of Rule's allegations of disability and detailed the lack of medical records to support his claim of disability.

Relying on the testimony of the vocational expert, the ALJ found that while Rule could not perform his past relevant work, he could perform other work at the sedentary level, with

3

some restrictions for his impairments. The ALJ found that based on the vocational expert testimony, Rule could work as a production assembler or hand packager, which exist in significant numbers in the regional and national economy.

Rule alleges that the ALJ erred in failing to give proper weight to the medical opinions, and that the Commissioner erred in not remanding this case for further consideration by the ALJ, even though Rule submitted important additional evidence to the Appeals Council on appeal.

The Government argues that the ALJ did a sufficient job discussing and considering all of Rule's impairments and the medical records. The Government argues the court's role is not to reweigh the evidence, but to see if the ALJ erred in the analysis.

Upon review, this court finds that the additional 61 pages of medical evidence that was not considered by the ALJ in his decision make the record in this case insufficiently developed. Although the Appeals Council determined, without explanation, that these additional medical records would not change the ALJ's decision, this court disagrees. Therefore, this case will be remanded for the ALJ to consider the additional medical evidence. Specifically, the ALJ should review: a memorandum from Sharol McGeHee, Psy.D., explaining the MCMI-III testing methodology and explicitly addressing the criticisms and concerns expressed by the ALJ in his decision; statement from Rule regarding his current medications; further treatment notes from Crane Medical Care, Jaime Roberson, FNP, dated November 2, 2009, to January 4, 2010, regarding Rule's physical impairments, including new complaints of generalized weakness and strange sensation of his head "feeling weird" and complaints of extreme mood swings and angry outbursts; new records from St. Johns Hospital in Springfield, Missouri, documenting Rule's treatment for the complaints of generalized weakness and lethargy; new records from Dr. Jay Baker, D.O., a pain specialist, regarding Rule's low back pain and continued treatment with epidural steroid injections and medications; and treatment records of Dr. James Hargis, M.D., which document Rule's ongoing struggles with COPD, including testing that now reveals he has severe pulmonary obstruction. Accordingly,

IT IS ORDERED that the decision of the Commissioner is reversed and this case is remanded to the Commissioner, pursuant to Sentence 4 of 42 U.S.C. § 405(g), for further consideration and development of the record.

Dated this 29th day of September, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge